# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN THOMAS POST,

                        Petitioner,

v.

UNITED STATES,

                        Respondent.

Case No. 16-CV-766-JPS
Criminal Case No. 10-CR-274-JPS

**ORDER**

On June 21, 2016, Petitioner Dylan Thomas Post ("Post") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docket #1). Post's sentence was increased because he was deemed a career offender under the U.S. Sentencing Guidelines (the "Guidelines"). *Id.* at 2. A defendant is a "career offender" when he has at least two prior convictions for crimes of violence or involving a controlled substance. U.S.S.G. § 4B1.1. The career offender designation in Post's case was imposed by the definition of a "crime of violence" found in Section 4B1.2(a) of the Guidelines.

A "crime of violence" is defined two ways. The first is when a crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B2.1(a)(1). The second is when a crime "is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a) (emphasis added). The emphasized portion of the definition was referred to as the "residual clause."[1] An identical residual

---

[1] Pursuant to Amendment 798 to the Guidelines, effective August 1, 2016, the Sentencing Commission deleted Section 4B1.2(a)'s residual clause, replacing it with language that simply enumerates specific offenses that can be considered crimes of violence. Amendment 798 was not made retroactive, see U.S.S.G. § 1B1.10(d) (listing

clause was found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

One of Post's prior convictions underlying his career offender designation was for battery, which was considered a "crime of violence" by way of the residual clause. *See United States v. Peters*, 462 F.3d 716, 719-720 (7th Cir. 2006). In *Johnson*, the Supreme Court found that the ACCA's residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Post contends that the residual clause of the Guidelines must be similarly invalidated. (Docket #1 at 3-6). With the residual clause knocked out, Post then argues that his battery offense also falls outside the ambit of the other "crime of violence" definition quoted above, known as the "force clause." *Id.* at 6-16; U.S.S.G. § 4B2.1(a)(1).

Post's argument with respect to vagueness had already been raised by other defendants at the time he filed his motion. On August 29, 2016, in one such case, the Seventh Circuit agreed with Post's position and found the Guideline's residual clause to be vague. *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016). However, on March 6, 2017, the Supreme Court held that the Guidelines are not subject to vagueness challenges, abrogating *Hurlburt*. *Beckles v. United States*, 137 S. Ct. 886, 897 (2017).

Three days later, Respondent filed a letter-response to Post's motion, asking that it be dismissed in light of *Beckles*. (Docket #3). Post offered no reply; instead, on March 17, 2017, he filed a motion to dismiss this matter

---

amendments to be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)); *United States v. Delapp*, Case No. 1:13CR00036-008, 2016 WL 8234984, at *1 n.2 (W.D. Va. Oct. 31, 2016), and it is therefore not applicable to Post, U.S.S.G. § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); *Belton v. United States*, 71 F. App'x 582, 583 (7th Cir. 2003) (noting that Section 1B1.10 of the Guidelines defines which amendments may be applied retroactively).

without prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2). (Docket #4). Later that day, Respondent filed a letter asking that the Court ignore Post's request for dismissal and decide this case on its merits. (Docket #5).

FRCP 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Post's request for dismissal without prejudice (Docket #4) is improper, and his own brief explains why:

> Before the Supreme Court issued the more recent *Johnson* decision striking down the [ACCA's] residual clause, the above analysis would have amounted to an interesting intellectual exercise—not a claim for relief. Even post-*Johnson I*, and post-*Castleman*, *Peters*' holding that Wisconsin simple battery was a crime of violence remained good law under the residual clause. *See Peters*, 462 F.3d at 720. Indeed, the very Indiana law at issue in *Flores* [a Seventh Circuit case addressing a battery statute similar to Wisconsin's]—criminalizing offensive touching that results in bodily injury—was previously held to fit within the residual clause. *United States v. Johnson*, 743 F.3d 1110, 1112 (7th Cir. 2014).
>
> While the force clause looks only at the elements of the offense as defined by state law, the residual clause (when valid) required courts to imagine whether an imagined "ordinary case" presented a serious potential risk of injury. *Johnson*, 135 S. Ct. at 2557–58. There would be no way to argue that the "ordinary case" of simple battery is not risky. *See id.* There are a number of state appellate cases addressing simple battery as applied to merely offensive acts, cited above, but many others addressing the crime as applied to violent acts. *See, e.g., State v. Giwosky*, 326 N.W.2d 232, 448 (Wis. 1982) (fist-fight). It may well be that most cases of simple battery are nonviolent—that is, the kind of case that would garner a fine or a time-served sentence and never produce an appellate decision—but the petitioner couldn't prove that. *See Johnson,* 135 S. Ct. at 2557 ("How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves? A statistical analysis of the state reporter? A

> survey? Expert evidence? Google? Gut instinct?") (internal quotation marks and citation omitted). And even if he could, battery would still doubtless present a risk of physical injury. *See Johnson*, 743 F.3d at 1112 (holding that the *Flores* statute fit within the residual clause).
> But now, the [ACCA's] residual clause is off the table— the Supreme Court has struck it down as unconstitutionally vague. *Johnson II*, 135 S. Ct. at 2557. So Post's battery under § 940.19(1)) [does not] qualify as [a] crime[] of violence.

(Docket #1 at 16-17). *Beckles* precludes any vagueness challenges to the Guidelines, and the residual clause's vagueness, and concomitant invalidity, was the lynchpin of Post's motion. With the lynchpin pulled, Post's motion (Docket #1) must be dismissed on its merits and with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Post must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of *Beckles*, the Court cannot fairly conclude that reasonable jurists would debate whether Post's motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Post may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to dismiss without prejudice (Docket #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge